**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSEPH SINGLETARY, | | No. 4:25-CV-02430 |
| Petitioner, | | (Chief Judge Brann) |
| v. | | |
| WARDEN FCI SCHUYLKILL, | | |
| Respondent. | | |

**MEMORANDUM OPINION**

**JULY 22, 2026**

Joseph Singletary initiated the above-captioned action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He asks the court to order the Federal Bureau of Prisons (BOP) to find him eligible for consideration to receive the one-year sentence reduction permitted under the Residential Drug Abuse Treatment Program (RDAP).[1]  For the following reasons, the Court will deny Singletary's Section 2241 petition.

**I.    BACKGROUND**

Singletary is serving a 96-month sentence imposed by the United States District Court for the Southern District of Ohio for conspiracy to distribute

---

[1]    "RDAP, which typically runs for nine months, 'is an intensive drug treatment program' run by the BOP 'for federal inmates with documented substance abuse problems.'"  *United States v. James*, 151 F.4th 28, 43 (2d Cir. 2025) (quoting *Reeb v. Thomas*, 636 F.3d 1224, 1225 (9th Cir. 2011)).

controlled substances, 21 U.S.C. §§ 841, 846.[2]  His projected release date, via application of good-conduct time, is May 10, 2027.[3]

In December 2025, Singletary lodged the instant form Section 2241 petition.[4]  He eventually paid the filing fee in February 2026, rendering his petition properly filed.

In his petition, he alleges that the BOP's Program Statement "5162-05" is inconsistent with federal law.[5]  He maintains that his crime of conviction—conspiracy to distribute controlled substances—is a nonviolent offense and thus he should be eligible for consideration for the one-year RDAP sentence reduction permitted under 18 U.S.C. § 3621(e)(2)(B).[6]  He argues that the BOP, by looking beyond his offense of conviction to certain sentencing enhancements, violates the letter and spirit of the statutory RDAP sentence-reduction incentive.[7]  Singletary asks the Court to find that the BOP's policy conflicts with federal law and to order the BOP to reclassify him as "eligible" to receive the one-year RDAP sentence reduction.[8]

---

[2]  Doc. 9-2 ¶ 3; Doc. 9-3 at 3.
[3]  Doc. 9-3 at 3.
[4]  *See generally* Doc. 1.  This petition appears to be a "fill-in-the-blank" type form petition.
[5]  *Id.* at 1.  It appears that Program Statement 5162.05 has recently been rescinded and replaced by Program Statement 5162.06.  *See generally* U.S. DEP'T OF JUSTICE, FED. BUREAU OF PRISONS, Program Statement 5162.06, Categorization of Offenses (Mar. 19, 2026) [hereinafter "Program Statement 5162.06"], https://www.bop.gov/policy/progstat/5162_006-1.pdf (last visited July 13, 2026).
[6]  Doc. 1 at 1-3.
[7]  *See id.* at 5.
[8]  *Id.* at 3.

Respondent timely answered Singletary's petition.[9]  Singletary then filed a timely traverse.[10]  His Section 2241 petition is now ripe for disposition.

## II.    DISCUSSION

The gravamen of Singletary's habeas petition is that the BOP is violating 18 U.S.C. § 3621(e)(2)(B) by relying on its policy statements and looking beyond inmates' offenses of conviction to determine whether those inmates are precluded from receiving the RDAP sentence reduction.

Singletary's statutory argument misses the mark.  As is plainly indicated by the text of 18 U.S.C. § 3621(e)(2)(A) and (B), when an inmate successfully completes RDAP, his sentence "*may* be reduced by the Bureau of Prisons" by up to one year.[11]  This intentional language (*i.e.*, "may" rather than "shall") reflects that the RDAP sentence reduction is within the discretion of the BOP.[12]  "When an eligible prisoner successfully completes drug treatment, the B[OP] thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment."[13]

It follows, then, that the BOP may craft policies and regulations to more uniformly exercise its discretion and categorically exclude certain classes of

---

[9]    Doc. 9.
[10]   Doc. 10.
[11]   18 U.S.C. § 3621(e)(2) (emphasis added).
[12]   *See Lopez v. Davis*, 531 U.S. 230, 240-41 (2001).
[13]   *Id.* at 241.

inmates from receiving RDAP sentence reductions, even if those inmates' offenses of conviction are considered nonviolent.[14]  This is, in fact, what the BOP has done.[15]

Contrary to Singletary's argument, the BOP's reliance on its policies and regulations does not "conflict with federal law," *i.e.*, the text of Section 3621(e)(2)(B).  Rather, the relevant policies and regulations permit the BOP to uniformly exercise its discretion to exclude inmates with certain offenses or preconviction conduct from receiving the RDAP sentence reduction, regardless of whether the offenses of conviction are classified as violent or nonviolent.[16]

Under 28 C.F.R. § 550.55(b)(5)(ii), the BOP excludes from RDAP sentence-reduction eligibility "[i]nmates who have a current felony conviction for . . . [a]n offense that involved the carrying, possession, or use of a firearm or other dangerous weapon[.]"  And under § 550.55(b)(5)(iii), the BOP excludes "[i]nmates who have a current felony conviction for . . . [a]n offense that, by its nature, presents a serious potential risk of physical force against the person or property of another[.]"  Pursuant to Section 4 of Program Statement 5162.06 and in accordance

---

[14]  *See id.* at 243-44 (explaining that "case-by-case decisionmaking in thousands of cases each year could invite favoritism, disunity, and inconsistency," so instead the BOP "may categorically exclude prisoners based on their preconviction conduct").

[15]  *See* 28 C.F.R. § 550.55(b) ("Inmates not eligible for early release.  As an exercise of the [BOP] Director's discretion, the following categories of inmates are not eligible for early release[.]").

[16]  *See Lopez,* 531 U.S. at 243-44; *Taylor v. Warden of FCI Schuylkill,* No. 3:26-cv-408, 2026 WL 579472, at *4-6 (M.D. Pa. Mar. 2, 2026).

with the BOP's discretion, other offenses, even if not classified as a "crime of violence," may preclude an inmate from receiving certain BOP program benefits if the offense conduct included the use of force or involved the possession or use of firearms.  Section 4(b) provides the following example, which is materially similar to the previous example contained in Program Statement 5162.05:

> For example, 21 U.S.C. § 841 makes it a crime to manufacture, distribute, or possess with the intent to distribute drugs.  If a dangerous weapon was possessed during commission of the offense, the court would increase the defendant's base offense level by two levels.  This particular [Specific Offense Characteristic (SOC)], possession of a dangerous weapon during the commission of a drug offense, poses a serious potential risk that force may be used against persons or property.  As a result, an inmate who was convicted of violating 21 U.S.C. § 841 and received a two-level SOC enhancement for possession of a firearm has been convicted of an offense that will preclude the inmate from receiving certain Bureau program benefits.[17]

Singletary was found ineligible for the RDAP sentence reduction because his offense of conspiracy to distribute controlled substances "involved the carrying, possession, or use of a firearm" and "by its nature or conduct, present[ed] a serious potential risk of physical force against the person or property of another."[18]  As further clarified by the BOP, the sentencing court had "adopted the SOC enhancements for weapons and use of violence."[19]  The BOP thus cited—among other regulatory provisions—28 C.F.R. § 550.55(b)(5)(ii) and (b)(5)(iii) in denying

---

[17]   Program Statement 5162.06 § 4(b).
[18]   *See* Doc. 9-2 ¶ 7; Doc. 1-2 at 2-3.
[19]   *See* Doc. 1-2 at 2.

Singletary's eligibility for early release under Section 3621(e)(2).[20]

Singletary's argument that the BOP's reliance on its policy statements, regulations, and his sentencing enhancements to deny eligibility for RDAP early release is unlawful is foreclosed by *Lopez v. Davis*. In *Lopez*, the Supreme Court of the United States found that the BOP had lawfully exercised its discretion under Section 3621(e)(2)(B) to categorically exclude inmates from RDAP sentence-reduction eligibility by looking to sentencing enhancements to determine whether an inmate possessed a firearm in connection with the offense, regardless of whether the offense of conviction was considered a "crime of violence."[21] The *Lopez* Court further affirmed the validity of the relevant regulations.[22]

Accordingly, Singletary's argument that the BOP's reliance on its policy statements, its regulations, and his sentencing enhancements "conflicts with federal law" is meritless.[23] The BOP lawfully exercised its discretion to deny RDAP early release eligibility to Singletary based on his preconviction offense conduct. His Section 2241 petition, therefore, will be denied.

---

[20]  *See id.* at 2-3.

[21]  *See Lopez*, 531 U.S. at 235-36, 244.

[22]  *See id.* at 233, 244.

[23]  Singletary also relies on several outdated court of appeals cases in his form petition. *See* Doc. 1 at 2 (citing, *inter alia*, "Arrington 9th Cir." and "Roussos 3rd Cir."); Doc. 10 at 2-4 (citing *Roussos v. Menifee*, 122 F.3d 159 (3d Cir. 1997)). The Court observes that the Honorable Malachy E. Mannion, in a thorough and well-reasoned opinion, has already explained why these cases are inapplicable and thus unpersuasive with respect to the argument Singletary is asserting in his form petition. *See Taylor v. Warden of FCI Schuylkill*, No. 3:26-cv-408, 2026 WL 579472, at *4-6 (M.D. Pa. Mar. 2, 2026). The Court thus adopts Judge Mannion's cogent explanation in rejecting Singletary's reliance on these outdated cases.

## III.  CONCLUSION

For the foregoing reasons, the Court will deny Singletary's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  An appropriate Order follows.


BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge